IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHERINE BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>CARMAX AUTO SUPERSTORES, INC.,<br><br>Defendant. | CIVIL ACTION FILE NO.:<br><br>(Removed from the Superior Court of Gwinnett County, Georgia, Civil Action File No. 26-A-01229-10) |

**DEFENDANT CARMAX AUTO SUPERSTORES, INC.'S
NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION**

COMES NOW defendant CARMAX AUTO SUPERSTORES, INC. ("CarMax") and hereby gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 of its removal of this case to the United States District Court for the Northern District of Georgia, Atlanta Division.  In support thereof, CarMax shows this honorable Court as follows:

1.

On February 10, 2026, plaintiff filed a complaint in the Superior Court of Gwinnett County, Georgia, which county is located within the United States District Court for the Northern District of Georgia and the Atlanta Division of this Court.  The lawsuit was styled as above and was numbered as Civil Action File No. 26-A-01229-10.  A true and correct copy of the summons and complaint that

were served upon CarMax are attached to this notice of removal as Exhibits 1 and 2, respectively.

2.

On February 20, 2026, CarMax was served with the summons and complaint by delivery of same to the office of its registered agent for service of process in Georgia. A true and correct copy of the Sheriff's Entry of Service that was served on CarMax is attached to this notice of removal as Exhibit 3.

3.

A true and correct copy of the Sherriff's Entry of Service filed with the Superior Court of Gwinnett County, Georgia on February 26, 2026, is attached to this notice of removal as Exhibit 4.

4.

Accordingly, CarMax has filed its notice of removal of this case to the United States District Court for the Northern District of Georgia, Atlanta Division, within thirty (30) days of service of the initial complaint upon CarMax. As such, CarMax has timely filed this notice of removal. 28 U.S.C. § 1446(b)(1).

5.

Plaintiff is a citizen and resident of the State of Georgia. (Ex. 2, Compl. ¶ 1).

6.

For diversity purposes, a corporation is considered a citizen of (1) its state of

incorporation and (2) the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). Here, CarMax is incorporated in the Commonwealth of Virginia and has its principal place of business in the State of Virginia. (Ex. 2, Compl. ¶ 2; Ex. 5, Georgia Secretary of State 2026 Annual Registration for CarMax). Thus, CarMax is a citizen of the Commonwealth of Virginia.

7.

As such, there is complete diversity of citizenship between plaintiff (State of Georgia) and CarMax (Commonwealth of Virginia) in this action.

8.

In her complaint, plaintiff has purported to assert claims against CarMax sounding in fraud, malicious prosecution, breach of contract, and punitive damages which allegedly arise in connection with events related to her purchase of a vehicle from CarMax on or about August 1, 2023. (Ex. 2, Compl. generally). Specifically, she contends that after the vehicle was taken from her property due to missed payments, CarMax allegedly made false representations to induce her to make further payments to recover the vehicle. (*Id.* at ¶¶ 22-24). She also claims that CarMax reported false and misleading information about her to the police, which led to her arrest and prosecution for identity theft and theft by deception. (*Id.* at ¶¶ 25-28). Finally, she contends that CarMax's conduct breached the terms of the sales contract. (*Id.* at ¶¶ 30-32).

-3-

9.

As a result of this purported misconduct, plaintiff seeks to recover general, special, and punitive damages.  She allegedly has suffered "past and future mental and emotional distress," "deprivation of her freedom and loss of liberty," lost income, "disruption in her family life and the care of her 4-year-old child," and attorney's fees.

10.

Prior to filing suit, plaintiff sent to CarMax a "Formal Demand for Compensation – Wrongful Arrest and Damages."  (Ex. 6, Formal Demand for Compensation – Wrongful Arrest and Damages).  Therein, plaintiff stated that CarMax's actions caused her to suffer substantial damages, including economic losses, emotional distress, family hardship, and legal costs.  (*Id.*)  Therefore, along with an acknowledgement clearing her name and a correction of CarMax's internal records about her, claimant also demanded "$300,000 for economic and non-economic damages, including emotional and family hardship."  (*Id.*)

11.

In determining whether the amount in controversy has been met, "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removal."  *Roe v. Michelin N. Am.,*

-4-

*Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotations omitted).  In doing so, "a district court need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount."  *Id.* at 1062 (internal quotations omitted).  Rather, those "courts may use their judicial experience and common sense in determine whether the case stated in a complaint meets federal jurisdictional requirements."  *Id.*

12.

Courts in the Eleventh Circuit also have recognized that even when a complaint does not specify a dollar amount for the claimed damages, claims seeking significant compensatory damages along with punitive damages and attorneys' fees can meet the jurisdictional threshold when considered through the lens of judicial experience and common sense.  *See Roe*, 613 F.3d at 1065 ("To determine whether a complaint sets forth a claim that meets the jurisdictional minimum . . . we examine the allegations in light of the particular causes of action chosen by the plaintiff."); *Carr v. Halloway*, No. 5:09-cv-327 (HL), 2010 U.S. Dist. LEXIS 104878, at *8-*9 (M.D. Ga. Oct. 1, 2010) (unspecified claims for pain and suffering, when combined with other damages, satisfied amount in controversy).

13.

Furthermore, while a settlement offer is not dispositive, courts recognize that

it "counts for something" in the jurisdictional analysis when it reflects a reasonable assessment of the claims' value. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (considering settlement offers as evidence of the amount in controversy).[1] Consequently, courts within the Eleventh Circuit routinely rely on such demands as competent evidence that the amount in controversy requirement is satisfied. *See, e.g.*, *Huggins v. Langdon*, No. 1:22-cv-01745, 2022 U.S. Dist. LEXIS 221953, at *5-*7 (N.D. Ga. Dec. 8, 2022) (considering pre-suit settlement demand as evidence that amount in controversy exceeded $75,000); *Smiley v. Crete Carrier Corp.*, No. 1:20-cv-03162, 2021 U.S. Dist. LEXIS 262873, at *5-*6 (N.D. Ga. Jan. 25, 2021) (same).

14.

Here, given the nature of the claims alleged in the complaint (i.e., fraud, malicious prosecution, breach of contract, and punitive damages), the relief sought therein, and the pre-suit settlement demand from plaintiff that sought $300,000 to settle her claims, the amount in controversy exceeds $75,000, exclusive of interest and costs.

15.

Therefore, this action falls within the Court's diversity jurisdiction under 28

---

[1] Superseded by statute on other grounds, as stated in *Rannieri v. United Prop. & Cas. Ins. Co.*, No. 3:19-cv-00370, 2020 U.S. Dist. LEXIS 144844, at *11, n.51 (S.D. Tex. Aug. 5, 2020) (current standard is preponderance of the evidence under 28 U.S.C. § 1446(c)(2)(B)).

U.S.C. § 1332 because (a) plaintiff and CarMax are citizens of different states, and (b) the matter in controversy has a value in excess of $75,000, exclusive of interest and costs.

16.

Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this District and Division include the location where the superior court action is pending, i.e., Gwinnett County, Georgia.

17.

Attached hereto as Exhibits 1 through 3, and incorporated by reference herein, are true and correct copies of the process, pleadings, and orders that have been served upon CarMax:

(1)    Summons,

(2)    Complaint and Jury Demand, and

(3)    Sheriff's Entry of Service.

18.

In compliance with 28 U.S.C. § 1446(d), CarMax will give written notice of the filing of this notice of removal to the adverse party.

19.

In compliance with 28 U.S.C. § 1446(d), CarMax will file a copy of this notice of removal with the Clerk of Court for the Superior Court of Gwinnett

-8-

County, Georgia.

WHEREFORE, defendant CarMax Auto Superstores, Inc. requests that the Superior Court of Gwinnett County, Georgia, cease further proceedings with Civil Action File No. 26-A-01229-10, and that the case be, and hereby is, removed from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 19th day of March, 2026.

/s/ Sean E. Boyd
John L. McKinley, Jr.
Georgia Bar No. 495513
Sean E. Boyd
Georgia Bar No. 302874

Attorneys for defendant
CarMax Auto Superstores, Inc.

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
jmckinley@mfllaw.com
sboyd@mfllaw.com