# EXHIBIT 2

E-FILED IN OFFICE - MM
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
26-A-01229-10
2/10/2026 1:38 PM
TIANA P. GARNER, CLERK

### IN THE SUPERIOR COURT FOR GWINNETT COUNTY
### STATE OF GEORGIA

KATHERINE BROWN,
     **Plaintiff,**

**v.**

**CIVIL ACTION #:**   26-A-01229-10

**CARMAX AUTO SUPERSTORES, INC.**

     **Defendant.**

**COMPLAINT and JURY DEMAND**

---

**COMES NOW** the Plaintiff, by and through the undersigned attorney, Matthew Gebhardt, and for her cause of action against the Defendant states unto the Court as follows:

### PARTIES AND JURISDICTION

1. That at all times material hereto; Plaintiff Katherine Brown was a resident of Georgia.

2. That at all times material hereto; CarMax Auto Superstores, Inc., (hereinafter "CarMax") was a foreign for-Profit Corporation with its headquarters in Richmond, Virginia. Defendant CarMax may be served with process through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia.

3. That the Gwinnett County Superior Court is the proper venue for this action in that it is the county where Defendant CarMax's registered agent is located.

### STATEMENT OF FACTS

4. On or about August 1, 2023, Plaintiff Katherine Brown entered into a sales contract with Defendant CarMax when she purchased a car and financed said car through Defendant CarMax.

5. Plaintiff had an established relationship with Defendant CarMax as Plaintiff had previously purchased 2 other vehicles from Defendant CarMax.

6. In all transactions with Defendant CarMax, Plaintiff Brown provided her true and correct identification.

7. Plaintiff Brown made regular payments until late 2024 when she missed two payments on her vehicle and her vehicle was taken from her apartment complex.

8. Plaintiff Brown called Defendant CarMax and was advised the vehicle was taken due to the missed payments.

9. The statement that her car was taken due to missed payments was false when made by Defendant CarMax and/or its agents.

10. Defendant CarMax and/or its agents knew these statements were false when they made them.

11. Defendant CarMax knew that Plaintiff would rely on said false statements.

12. Defendant CarMax made said false statements to induce Plaintiff to pay Defendant money and knew that Plaintiff would suffer monetary loss as a result of said false statements.

13. Plaintiff Brown made the back payments in order to recover her vehicle and asked Defendant CarMax when she could pick up her vehicle.

14. For the first time, after misleading Plaintiff and taking payment for the missed payments, Defendant CarMax and/or its agents advised Plaintiff that her vehicle could not be released as the vehicle was under investigation.

15. Plaintiff Brown asked for details regarding the investigation but Defendant Carmax refused to provide any details or return her payment.

16. Plaintiff Brown was arrested shortly thereafter for Theft by Deception and Identity Theft.

17. Plaintiff Brown later learned that a Kathryn Brown from Kansas had contacted Defendant CarMax and said the vehicle purchase was on her credit report.

18. Despite the fact that Plaintiff Brown (1) did not misrepresent her identity, (2) made regular payments, and (3) purchased two other vehicles previously from Defendant CarMax, Defendant CarMax contacted the police and falsely accused Plaintiff Brown of Identity Theft and Theft by Deception.

19. Defendant CarMax contacted the police without ever contacting Plaintiff Brown to determine if there was a mistake or mix-up.

20. It was later determined that the Social Security Administration had made an error and linked Plaintiff Brown's social security number with that of the "Kathryn Brown" from Kansas. This discovery confirmed that Plaintiff Brown never provided inaccurate information to Defendant CarMax.

21. The charges against Plaintiff were then promptly dismissed on August 6, 2025.

### Count 1-Fraud

22. Plaintiff reasserts paragraphs 7 through 15 as if fully set forth herein.

23. In late October/early November 2024 Defendant CarMax and its agents committed fraud and/or made fraudulent misrepresentations to Plaintiff in order to induce her to pay to recover her vehicle, when Defendant CarMax had determined they were never going to return the vehicle.

24. As a result of Defendant's fraud and or misrepresentation, Plaintiff lost the $900 payment she made to CarMax for the return of her vehicle.

### Count II-Malicious Prosecution

25. Plaintiff reasserts paragraphs 4-21 as fully set forth herein.

26. That on or about October 3, 2024 agents of Defendant CarMax reported to the police false and misleading information that led to the prosecution and arrest of Plaintiff for the crime of identity theft and theft by deception.

27. Said prosecution and arrest were instigated with a complete lack of probable cause from which malice may be inferred.

28. Said arrest and prosecution were done under a valid warrant and the case was dismissed when prosecutors determined Plaintiff did not provide false information to Defendant CarMax.

29. As a result of Plaintiff's wrongful and malicious prosecution, Plaintiff has suffered damages as outlined below:

    a. past and future mental and emotional distress as Plaintiff was made to suffer great mental anguish, humiliation and disgrace as a result of her arrest and incarceration;

    b. deprivation of her freedom and loss of liberty;

    c. $9000 in lost income;

    d. disruption in her family life and the care of her 4-year-old child; and

    e. attorney fees in the amount of $500.

## Count III- Breach of Contract

30. Plaintiff reasserts paragraphs 4-29 as fully set forth herein.

31. Defendant CarMax breached the express and implied terms of the sales contract signed with Plaintiff by:

    (1) using the contract to commit fraud to extort money from Plaintiff;

    (2) reporting false information to the police in order to cancel said sales agreement; and

    (3) by failing to honor the contract in good faith and to deal fairly with Plaintiff.

32. As a direct result of Defendant's breach of contract, Plaintiff has suffered damages as outlined in paragraph 29.

## Count IV-Punitive Damages

33. Plaintiff reasserts paragraphs 4-32 as fully set forth herein.

34. By engaging in the above described conduct the actions of Defendant CarMax and its agents showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences so as to entitle Plaintiff to punitive damages pursuant to O.C.G.A. 51-12-5.1.

**WHEREFORE,** the Plaintiff prays that she have a trial by jury, that she have judgment against the Defendant for damages, expenses and costs, including punitive damages and attorney fees as authorized by law, and that she have such other relief as to the Court appears just and equitable.

Respectfully Submitted,

/s/ Matthew Gebhardt
Matthew Gebhardt
Georgia Bar#812697
Gebhardt Law Firm, LLC
235 Peachtree St NE, Suite 400
Atlanta, Georgia 30303
(404) 998-2234
Fax: (888) 248-0767
Email: matt@gebhardtlawfirm.com
**ATTORNEY FOR PLAINTIFF**