IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KATHERINE BROWN,

      Plaintiff,

      vs.

CARMAX AUTO SUPERSTORES, INC.,

      Defendant.

CIVIL ACTION FILE
NO.: 1:26-cv-01513-SEG

(Removed from the Superior
Court of Gwinnett County,
Georgia, Civil Action File No.
26-A-01229-10)

## ANSWER OF DEFENDANT CARMAX AUTO SUPERSTORES, INC. TO PLAINTIFF'S COMPLAINT

COMES NOW defendant CARMAX AUTO SUPERSTORES, INC. ("CarMax") and hereby files its answer to plaintiff's complaint, showing this Court as follows:

### First Defense

Neither CarMax, nor anyone for whom CarMax could be held liable, has been guilty of any negligence, fault, or other wrongful conduct, and CarMax, therefore, has no liability to plaintiff.

### Second Defense

Neither CarMax, nor anyone for whom CarMax could be held liable, has breached any duty owed to plaintiff. As such, CarMax is not liable or responsible to plaintiff for negligence and/or violation of any code, statute, or section of law.

### Third Defense

No acts or omissions of CarMax, nor anyone for whom CarMax could be held liable, were the proximate cause of any alleged damage to plaintiff and CarMax, therefore, has no liability to plaintiff.

### Fourth Defense

Any injuries, losses, and/or damages that may have been sustained by plaintiff, as alleged in the complaint, resulted from the acts or omissions of persons, firms, or corporations other than CarMax and for whom CarMax is not liable.

### Fifth Defense

No action or failure to act on the part of CarMax, or anyone for whom CarMax could be liable, was the proximate cause of the incident at issue.

### Sixth Defense

Plaintiff's complaint fails to plead all special damages with particularity as required by O.C.G.A. § 9-11-9(g).

### Seventh Defense

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief may be granted against CarMax and, therefore, it should be dismissed.

### Eighth Defense

There is, at a minimum, a bona fide controversy between the parties hereto,

and CarMax has at no time acted in bad faith or been stubbornly litigious or caused plaintiff any unnecessary trouble and expense; therefore, plaintiff is not entitled to recover any attorney's fees or expenses of litigation pursuant to any cognizable legal theory against CarMax.

### Ninth Defense

Any claims by plaintiff for punitive damages fail to set forth any claims upon which relief can be granted against CarMax:

(a)     Because CarMax has not been guilty of any conduct that would authorize any award of punitive damages;

(b)     Alternatively, because any award of punitive damages against CarMax herein would violate the due process and equal protection rights and other constitutional rights of defendant under the Georgia and United States Constitutions.  Further, any claims for punitive damages fail to satisfy the requirements of Georgia law.

### Tenth Defense

Unless CarMax's liability for punitive damages as well as the appropriate amount of punitive damages is established by clear and convincing evidence, any award of punitive damages would violate CarMax's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, the due process

provisions of the Georgia Constitution, and the provisions of O.C.G.A. § 51-12-5.1.

### Eleventh Defense

Plaintiff's claim for punitive damages cannot be sustained, because any award of punitive damages under Georgia law without bifurcating the trial of all punitive damages' issues would violate CarMax's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, the due process provisions of the Georgia Constitution, and the provisions of O.C.G.A. § 51-12-5.1.

### Twelfth Defense

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes

punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate CarMax's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution, the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Georgia Constitutional provisions providing for due process, equal protection, and guaranty against double jeopardy.

## Thirteenth Defense

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia law for the purpose of compensating plaintiff for elements of damage not otherwise recognized by Georgia law would violate CarMax's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Georgia Constitution.

## Fourteenth Defense

Plaintiff's claim for punitive damages cannot be sustained because any such award of punitive damages under Georgia law exceeding the limits authorized by state penal laws would constitute a cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated into the Fourteenth Amendment, and the Georgia

Constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## Fifteenth Defense

Any award of punitive damages based on anything other than CarMax's conduct in connection with specific actions directed toward plaintiff, to the extent such actions are the subject of this lawsuit, would violate the due process clause of the Fourteenth Amendment to the United States Constitution, the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Georgia Constitutional provisions providing for due process and guaranty against double jeopardy, because any other judgment for punitive damages in this case cannot protect CarMax against impermissible multiple punishment for the same wrong.

## Sixteenth Defense

Plaintiff's claim for punitive damages cannot be sustained to the extent it does not bear a reasonable relationship to compensatory damages.

## Seventeenth Defense

Plaintiff's claim for punitive damages cannot be sustained because CarMax did not receive fair notice not only of the conduct that will subject it to punishment but also to the severity of the penalty that state law may impose.

**Eighteenth Defense**

CarMax reserves the right to assert any additional defenses as may be revealed by further investigation and discovery.

**Nineteenth Defense**

CarMax further responds to the numbered paragraphs of plaintiff's complaint, as follows:

1.

CarMax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1 of plaintiff's complaint, and, therefore, it can neither admit nor deny same.

2.

Responding to paragraph no. 2 of plaintiff's complaint, CarMax admits that it is a foreign profit corporation with a principal office address located in Richmond, Virginia and that it may be served at the office of its registered agent at the address alleged therein.  Except as specifically admitted herein, paragraph no. 2 of plaintiff's complaint is denied.

3.

Responding to paragraph no. 3 of plaintiff's complaint, CarMax admits that venue is proper in the United States District Court for the Northern District of Georgia, Atlanta Division as to it and that its registered agent is located in

Gwinnett County, Georgia.  Except as specifically admitted herein, paragraph no. 3 of plaintiff's complaint is denied.

4.

Responding to paragraph no. 4 of plaintiff's complaint, CarMax admits that on or about August 1, 2023, plaintiff sought to enter a contract with CarMax to purchase a vehicle, and that plaintiff sought to finance the purchase of that vehicle. Except as specifically admitted herein, paragraph no. 4 of plaintiff's complaint is denied.

5.-7.

CarMax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nos. 5, 6, and 7 of plaintiff's complaint and, therefore, it can neither admit nor deny same.

8.-15.

CarMax denies paragraph nos. 8, 9, 10, 11, 12, 13, 14, and 15 of plaintiff's complaint.

16.

CarMax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 16 of plaintiff's complaint and, therefore, it can neither admit nor deny same.

17.-20.

CarMax denies paragraph nos. 17, 18, 19, and 20 of plaintiff's complaint.

21.

CarMax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 21 of plaintiff's complaint and, therefore, it can neither admit nor deny same.

22.

Answering paragraph no. 22 of plaintiff's complaint, CarMax adopts and incorporates by reference its responses to paragraph nos. 7 through 15 of plaintiff's complaint the same as if fully set forth verbatim herein.

23.-24.

CarMax denies paragraph nos. 23 and 24 of plaintiff's complaint.

25.

Answering paragraph no. 25 of plaintiff's complaint, CarMax adopts and incorporates by reference its responses to paragraph nos. 4 through 21 of plaintiff's complaint the same as if fully set forth verbatim herein.

26.-29.

CarMax denies paragraph nos. 26, 27, 28, and 29 of plaintiff's complaint.

30.

Answering paragraph no. 30 of plaintiff's complaint, CarMax adopts and

incorporates by reference its responses to paragraph nos. 4 through 29 of plaintiff's complaint the same as if fully set forth verbatim herein.

31.-32.

CarMax denies paragraph nos. 31 and 32 of plaintiff's complaint.

33.

Answering paragraph no. 33 of plaintiff's complaint, CarMax adopts and incorporates by reference its responses to paragraph nos. 4 through 32 of plaintiff's complaint the same as if fully set forth verbatim herein.

34.

CarMax denies paragraph no. 34 of plaintiff's complaint.  CarMax further denies the" WHEREFORE" clause immediately following paragraph no. 34 of plaintiff's complaint.

## Twentieth Defense

Any and all allegations, contentions, demands, and prayers for relief contained in plaintiff's complaint which have not been expressly admitted by CarMax in this answer are hereby denied.

## DEMAND FOR JURY TRIAL

CarMax demands a trial by a jury of twelve in this action.

WHEREFORE, defendant CARMAX AUTO SUPERSTORES, INC., having fully responded to the plaintiff's complaint against it, prays that it be henceforth discharged and that all costs be cast upon the plaintiff.

This 25th day of March, 2026.

/s/ Sean E. Boyd
John L. McKinley, Jr.
Georgia Bar No. 495513
Sean E. Boyd
Georgia Bar No. 302874

Attorneys for Defendant
CarMax Auto Superstores, Inc.

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
jmckinley@mfllaw.com
sboyd@mfllaw.com

-11-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHERINE BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>CARMAX AUTO SUPERSTORES, INC.,<br><br>Defendant. | CIVIL ACTION FILE<br>NO.: 1:26-cv-01513-SEG<br><br>(Removed from the Superior Court of Gwinnett County, Georgia, Civil Action File No. 26-A-01229-10) |

## **CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

This is to certify that on this date, I electronically filed the foregoing *Answer of Defendant CarMax Auto Superstores, Inc. to Plaintiff's Complaint* with the Clerk of Court using the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record, and I sent a copy of same via statutory electronic service to the following:

Matthew Gebhardt, Esq.
GEBHARDT LAW FIRM, LLC
235 Peachtree St NE, Suite 400
Atlanta, Georgia 30303
matt@gebhardtlawfirm.com

Pursuant to Local Rule 5.1, NDGa., the foregoing Answer is prepared in Times New Roman, 14 point.

This 25th day of March, 2026.

/s/ Sean E. Boyd
Sean E. Boyd
Georgia Bar No. 302874

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
sboyd@mfllaw.com